PIERCE, Chief Judge.
Appellant Richard Byrd appeals to this Court from an order denying his petition for relief under CrPR 1.850, 33 F.S.A.
Byrd was informed against on July 2, 1969, in the Manatee County Circuit Court in two counts under the Forgery Statute, the first count charging forgery of a bank check and the second count charging the uttering of such check.
On July 29, 1969, he appeared in Court represented by the local Public Defender and pleaded guilty to the two charges. On September 8, 1969, still represented by the Public Defender, he was sentenced to a term in the State Prison.
On November 24, 1969, he filed motion in the trial Court under CrPR 1,850, in which he alleged that “At the sentencing in the instant case, (the defendant being represented by the Office of the Public Defender), said Public Defender was not present at said sentencing, and the defendant respectfully submits that he did not waive his Constitutional Right to the assistance of Counsel at said proceeding”.
The order on the motion was entered on January 13, 1970, and recites that the cause “coming on this day to be heard upon the Motion of the Defendant to Vacate and Set Aside the judgment and sentence heretofore entered pursuant to Rule 1.850, FRCP, and the Court having examined said Motion and Petition filed herein, and the Court finding that such Motion is without merit” the said motion was denied.
On February 7, 1970, Byrd filed his notice of appeal Pro Se to this Court.
We have carefully considered the record in this cause. While Byrd in his petition for relief under CrPR 1.850 alleges he was not attended by counsel at the time he was sentenced, the files and records of the cause in the trial Court conclusively refute, such statement. The official minutes of the Court on September 8, 1969, affirmatively attested by the trial Judge, plainly asserts that “on this 8th day of September, A.D. 1969, came the State by its Assistant State Attorney Ralph H. Haben, Jr. and the defendant being present in open Court and being represented by D. Turner Matthews, Assistant Public Defender and having entered a plea of Guilty on a former day of this Court to the offense of FORGERY F.S. 831.01, F.S.A., the Court now adjudges you to be guilty * * * »>. And he was sentenced accordingly.
CrPR 1.850 by its affirmative terms precludes relief to any person where “the files and records of the case conclusively show that the prisoner is entitled to no relief”. Here the “files and records of the case” conclusively and affirmatively show that Byrd was represented by counsel at the time of his sentencing, his statement in the petition for relief to the contrary notwithstanding.
Affirmed.
LILES and MANN, JJ., concur.